81 F.3d 163
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Stephanie L. GLASS, Plaintiff-Appellant,
v.
VILLAGE OF SAUK, et al., Defendants-Appellees.
 No. 94-2782.
 United States Court of Appeals, Seventh Circuit.
 Submitted June 9, 1995.*
Decided March 28, 1996.
 
 Before CUMMINGS, BAUER and FLAUM, Circuit Judges.
 
 ORDER
 
 1
 On February 25, 1987, Defendant Mark McNabney of the Sauk Village, Illinois, police department observed Stephanie Glass, an African-American woman, commit a traffic violation. After stopping her, Defendant discovered that Glass was driving with a suspended license and therefore arrested her and drove her to the police station. Glass received three traffic citations. Approximately one year later, Glass filed a First Amended Complaint alleging civil rights violations against Defendant, another officer, and the police chief for unequal treatment, excessive force, and conspiracy under 42 U.S.C. §§ 1981, 1983 & 1985(3), as well as a pendant state claim for battery. This appeal concerns only the disposition of two of the claims: first, the summary judgment in favor of Defendant on the Section 1983 claim of excessive force; and second, entry of a directed verdict against Glass on her Section 1981 civil rights claim. This case was previously before this Court, Glass v. NcNabney, No. 91-2602 (May 12, 1993), but the appeal was dismissed for lack of jurisdiction because the directed verdict had not been entered as a final order and the state-law issue was still pending in the district court.
 
 
 2
 In granting summary judgment in favor of Defendant on the Section 1983 claim, the district court applied the legal standard articulated in Gumz v. Morrissette, 772 F.2d 1395 (7th Cir.1985), certiorari denied, 475 U.S. 1123, which was subsequently overruled in Lester v. City of Chicago, 830 F.2d 706 (7th Cir.1987). Under Gumz, a state officer's use of force during arrest was considered unconstitutional if it (1) caused severe injuries; (2) was grossly disproportionate to the need for action under the circumstances; and (3) was inspired by malice or shocked the conscience. Gumz, 772 F.2d at 1400; Chathas v. Smith, 884 F.2d 980, 988 (7th Cir.1989), certiorari denied, 493 U.S. 1095. Lester overruled Gumz after the arrest in this case but prior to the district court's summary judgment order. In Lester, this Court held that a police officer's use of force is unconstitutional if, "judging from the totality of circumstances at the time of the arrest, the officer used greater force than was reasonably necessary to make the arrest." 830 F.2d at 713. This objective reasonableness standard was later adopted by the Supreme Court. Graham v. Connor, 490 U.S. 386. Glass contends on appeal that the district erred in applying the standard from Gumz. The argument, however, is foreclosed by our decision in Chathas, which held that the applicable legal standard is that governing at the time of the alleged constitutional violation. 884 F.2d at 988-989. Chathas finds support in the related law governing qualified immunity for public officials, which states that an official may only claim immunity if the federal right at issue was clearly established when the alleged violations occurred. See Elder v. Holloway, 114 S.Ct. 1019, 1023. Thus the district court properly applied Gumz since it was the controlling law when the arrest in this case occurred. As stated in Chathas, we will not assume that Defendant could foresee the reasonableness standard later announced in Lester. 884 F.2d at 989.
 
 
 3
 The next question is whether the district court properly held that Defendant was entitled to summary judgment under Gumz. Glass points to no facts in the record demonstrating that she received severe injuries caused by Defendant. Glass claims that Defendant slammed her against the car during the arrest and that the handcuffs were so tight as to cause great pain. However, a medical examination conducted on the same day as the arrest showed only two areas of inflammatory redness of the skin on her chest and no injury to her wrists. The only treatment Glass received was a prescription for tranquilizers and a muscle relaxant. Under the Gumz standard, no genuine issues of material fact exist and summary judgment was proper. See Chathas, 884 F.2d at 988 (holding that judgment for defendant was appropriate where plaintiff had not proven severe injury despite allegations of excessive force).
 
 
 4
 The second issue on appeal is whether the district court properly directed a verdict in favor of Defendant on the Section 1981 claim.[1] In reviewing a directed verdict, we are to determine whether there is evidence to support Glass' claim on which a jury could properly have found in her favor, and we must review the evidence in the light most favorable to Glass. Panter v. Marshall Field & Co., 646 F.2d 271, 281 (7th Cir.1981), certiorari denied, 454 U.S. 1092. Both parties concede that Glass had the burden of proving racial animus on the part of Defendant to succeed on her Section 1981 claim. Despite stating in opening argument that Defendant called her a "black bitch," the evidence later adduced indicated that the officer called her a "bitch." Thus Glass offered no direct evidence of racial animus at trial. Glass argues that she proved racial animus on a theory of disparate treatment by showing less favorable treatment because of race. See International Bhd. of Teamsters v. United States, 431 U.S. 324, 335 n. 15; Village of Bellwood v. Dwivedi, 895 F.2d 1521, 1529 (7th Cir.1990). However, proceeding under such a theory requires that a plaintiff come forward with some type of comparative evidence showing that members of different races are treated differently. See id. at 1531. No such evidence was produced at trial. The only fact in the trial record that could even support an inference of racial animus on the part of Defendant is that Glass is an African-American and Defendant is not. Without question, that is not enough. Minority Police Officers Ass'n of South Bend v. City of South Bend, 801 F.2d 964, 967 (7th Cir.1986).
 
 
 5
 Affirmed.
 
 
 
 *
 After preliminary examination of the briefs, the Court notified the parties that it had tentatively concluded that oral argument would not be helpful to the Court in this case. The notice provided that the parties could file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Cir.R. 34(f). No such statement having been filed, the appeal is submitted on the briefs and the record
 
 
 [1]
 Glass argues that the district court improperly heard and granted the motion for a directed verdict before she was allowed to introduce further evidence. This argument is frivolous. The record clearly shows that Glass had rested her case before the motion was heard, and nothing precluded Glass from asking the court to reopen her case or to permit re-direct examination of the final witness